# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

KRISTOFER ALLEN BURNSIDE                                                                            PLAINTIFF
ADC #658349

v.                                            4:21-cv-00222-BRW-JJV

JOHN STALEY, *et al*.                                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.    INTRODUCTION**

Plaintiff is serving 90 days in the Lonoke County Detention Center for a parole violation; he sued ten Lonoke County officials in their personal and official capacities under 42 U.S.C. § 1983. (Doc. No. 2 at 1-5.) Plaintiff made no allegations against Defendants Staley, Doney,

Gebhardt, Ship, and Jones. Plaintiff alleged Defendant Flud informed him that he was not to submit any more requests or grievances because of his previous requests and grievances. (*Id*. at 6.) He claimed her tone and "choice words" were meant to bully him, which he believes constitutes cruel and unusual punishment. (*Id*.) Plaintiff claimed he was placed in administrative segregation from February 15 to February 19 in retaliation for "submitting request and grievance forms after directed not to." (*Id*. at 6-7.) He maintained Officer Iland—not a Defendant—told him he was in lock down because Defendant Flud was mad "about our request and grievances." (*Id*. at 7.) Plaintiff said that Defendant Williams, though, said the lockdown was because of the weather. (*Id*.)

Plaintiff alleged Defendant Berryman called him a "mother****r." (Doc. No. 2 at 7.) Then, when Plaintiff told Defendant Berryman he would file a grievance about Defendant Berryman's actions, Defendant Berryman told Plaintiff he was not worried about the grievance procedure. (*Id*.) Plaintiff claimed "[b]y [Defendant] Berryman informing me that the grievance procedure was broken and ineffective it allowed him to bully and demoralize [Plaintiff] leaving [Plaintiff] scared and fearful of [his] life . . . ." (*Id*.)

Plaintiff alleged his is being served food on dirty trays. (*Id*. at 8.) After Plaintiff exhausted the grievance procedure on this issue, he brought the problem to the attention of Defendants Townzen and Medlin. (*Id*.) Defendants Townzen and Medlin then informed Plaintiff to submit a formal grievance on the matter, which Plaintiff claims he did. (*Id*.)

Plaintiff also alleged "officers" retaliated against him for submitting a grievance and request "due to the heat in A Pod, it was so hot the floors would stay wet." (Doc. No. 2 at 8.) According to Plaintiff, he was denied clean clothes, towels, blankets, *etc*., but he does not say who

denied him these items or how he was harmed by the alleged denial. Plaintiff seeks damages, among other relief. (*Id*. at 5.)

## II. SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. PLAINTIFF'S COMPLAINT

As part of the screening process, on March 24, 2021, I advised Plaintiff that his Complaint failed to state a claim on which relief may be granted. (Doc. No. 3.) I also explained to Plaintiff the deficiencies in his Complaint. (*Id*. at 4-8.) Plaintiff was given thirty (30) days to cure the Complaint's defects by filing a superseding Amended Complaint; a blank 42 U.S.C. § 1983 was

mailed to him. (*Id.* at 8, 11.) Plaintiff was cautioned that if he did not file an Amended Complaint within thirty (30) days, his Complaint could be dismissed without prejudice. (*Id*. at 9, 11.) Plaintiff has not filed an Amended Complaint or otherwise responded to my March 23 Order and the time for doing so has passed.

Plaintiff's Complaint fails to state a claim on which relief may be granted. Plaintiff did not allege that a policy, custom, or failure to train was the moving force behind his alleged injury. (Doc. No. 2.) Accordingly, Plaintiff's Complaint fails to state an official capacity claim against Defendants. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *Corwin v. City of Independence, Missouri,* 829 F.3d 695, 699 (8th Cir. 2016) (internal citations omitted).

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Plaintiff sued Defendants Staley, Doney, Gebhardt, Ship, and Jones, but he made no specific factual allegations against them. (Doc. No. 2.) Accordingly, Plaintiff failed to state a claim on which relief may be granted against Defendants Staley, Doney, Gebhardt, Ship, and Jones. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). Even liberally construing Plaintiff's Complaint, his allegations against Defendants Flud, Williams, Berryman, Townzen, and Medlin do not rise to the level of a violation of his federally-protected rights.

Plaintiff was warned of the deficiencies in his Complaint, and I explained to him what any Amended Complaint should include, if he chose to file one. (Doc. No. 3 at 8.) Plaintiff was advised to specify the capacity in which he sued Defendants, to provide specific facts against each named Defendant, to explain the reason for any official capacity claim, and to describe the relief he seeks. (*Id.*) Despite these instructions, Plaintiff chose not to file an Amended Complaint.

IV.   **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 27th day of April 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."